HARRIET ATKINSON, DEFENDANT IN ERROR, v. NEW YORK TRANSFER COMPANY, PLAINTIFF IN ERROR.

Argued June 25, 1908—Decided November 17, 1908.

1. A common carrier may stipulate with a shipper as to the value of the property entrusted to it, and contract that its liability shall be limited to the amount so stipulated.
2. A statement made by a carrier to a shipper that the rate charged, and the liability assumed, by the former, are based upon the value of the goods being a designated sum, and the reception of that statement by the latter in silence, limits the liability of the carrier, in case of loss, to the sum designated, and estops the shipper from afterward asserting as against the carrier that the value is greater.

On error to the Supreme Court.

For the plaintiff in error, *George Holmes* and *William D. Edwards*.

For the defendant in error, *Francis V. Dobbins*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This action was brought by Mrs. Atkinson to recover damages from the defendant company for the loss, through its negligence, of a trunk and contents, entrusted by her to it for shipment from Ocean Grove, in this state, to her home in Brooklyn, New York.   At the trial the defendant company admitted liability, but contended that the amount of the recovery against it should be limited to $100, notwithstanding the fact that the value of the property lost considerably exceeded that sum.   This contention was rested upon the fact that at the time it received the trunk the company delivered to the plaintiff a bill of lading which recited, among other things, that its charge for the transportation thereof was based upon a gross valuation not exceeding $100, and contained an express agreement between the shipper

and the carrier that the latter should not be liable, in case of loss or damage by reason of negligence, or otherwise, for an amount exceeding that sum, and the further fact that the plaintiff received the bill of lading without expressing any dissent from its provisions. The trial court in its instruction to the jury as to the effect of the delivery of this bill of lading to the plaintiff, stated that if "it was presented to the plaintiff and received by her as a contract, she would not be entitled to recover more than $100, but that if she did not know that it was offered to her as a contract, and received it without knowing its contents, supposing that it was simply given to her as a receipt in order to enable her to trace her property, then the limitation in it would not apply, and that even if she knew that the rate charged for the trunk was based upon a valuation of $100, still the limitation would not obtain, and the company would still be liable for the full value of the goods, in the absence of any assent by her to a restriction of that character." The court then proceeded as follows: "The question would, therefore, seem to be whether Mrs. Atkinson, when this receipt was handed to her, and she took it, assented to it as an agreement between her and the company, or whether she took it as a mere receipt. In order to constitute assent there must be knowledge, and if she did not know of these words, did not know what the company claimed it was, then there could be no valid assent. If she did know, still it would remain a question as to whether she assented to it as a contract." The jury returned a verdict in favor of the plaintiff for $300, the full value of the property lost, and the defendant now assigns error upon this excerpt from the charge.

The first question which the case presents for consideration is whether a contract, which fixes the value of goods shipped at a price less than their real worth, and limits the liability of the carrier for a loss resulting from its own negligence, to the value thus fixed, is valid; for, if it is not, then the instruction complained of, so far as it was erroneous, was harmful to the plaintiff, not to the defendant, and affords no ground for reversing the judgment.

We fully concur in the soundness of the generally recognized rule that a common carrier cannot contract for exemption from liability for losses resulting from his own negligence or that of his servants. But this rule does not, we think, prevent the carrier from stipulating with the shipper as to the value of the property entrusted to it, and contracting that its liability shall be limited to the amount so stipulated. The carrier is entitled to be compensated for his services in proportion to the value of the article consigned, and the consequent risk assumed by him. The shipper is entitled to take the benefit of a lower rate, if he desires to do so, by placing a value upon his goods, for the purpose of their shipment, below their actual worth. Such a stipulation stands as if the carrier had asked the value of the goods shipped, and had been told by the consignor that it was the sum named in the contract. The reason why contracts exempting the carrier from liability for loss resulting from his own negligence are held to be invalid, is that they are against public policy, because their natural effect is to induce want of care on the part of the carrier in the performance of his duties. But a stipulation as to the value of the goods to be shipped has no such tendency. It exacts from the carrier the measure of care due to the value agreed on, and is, we think, a proper and lawful mode of securing a due proportion between the amount for which the carrier can be held responsible, and the charges received by it as a consideration for the safe transportation of the goods shipped. This is the view expressed by the Supreme Court of the United States in *Hart* v. *Pennsylvania Railroad Co.*, 112 *U. S.* 340, and is that adopted in many of our sister states. 5 *Am. & Eng. Encycl. L.* 328, and cases cited; 6 *Cyc.* 402, 403, and notes.

Having determined that a contract between a carrier and shipper which fixes the value of the goods shipped at a sum less than their real worth, and limits the liability of the carrier in case of their loss to the amount so fixed, is binding upon the shipper, we take up the consideration of the court's instruction to the jury in this case. It is insisted on behalf

of the plaintiff in error that Mrs. Atkinson, by receiving the bill of lading, became bound by its provisions; that the mere acceptance of this paper without any indication of dissent from its terms, bound her as fully as if she had expressly assented to them, and that she could not afterward deprive the plaintiff in error of the protection of its provisions by asserting that she was ignorant of its contents.

We are not required to pass upon the soundness of this proposition advanced on behalf of the plaintiff in error, for the trial court in its instruction to the jury did not make the plaintiff's ignorance of the contents of the paper which was delivered to her the test of her liability under it. The jury were told that even if she knew that the rate charged for the transportation of her trunk was based upon a value of $100, the company would still be liable for the full value of the goods, in the absence of any assent by her to the restriction of liability. And further, that even if she knew of the words (that is, the words contained in the paper limiting the carrier's liability), still it would remain a question as to whether she assented to the bill of lading as a contract. The purport of this instruction, as it seems to us, is that a shipper who knows that the charge made by the carrier for the transporting of his goods is based upon a value placed upon them which is below their actual worth, that this value is stated in the receipt which is given to him by the carrier, and that the receipt contains a stipulation limiting the carrier's liability to the amount thus stated, may accept the receipt in silence, and afterwards, in case the goods are lost, may deny that he assented to the valuation which was made the basis of the carrier's charge, may repudiate the limitation of liability, and recover the full amount of his loss.

It is held by the best-considered authorities that if the shipper is guilty of fraud or imposition, by misrepresenting to the carrier the value of the goods consigned by him, he destroys his claim to full indemnity, and the reason of it is that by his act he has deprived the carrier of his right to be compensated in proportion to the value of the goods, and the conse-

quent risk assumed by him, that what he has done has tended to lessen the vigilance which the carrier would otherwise have exercised for the safety of the goods. 2 *Kent's Com.* 603, and cases cited. The soundness of this principle seems to us to be beyond controversy, and we are unable to see any distinction in law between an express misrepresentation of value made by the shipper to the carrier, and a statement made by the carrier to the shipper that the rate charged and the liability assumed by him are based upon the value of the goods being a sum named by him, and the reception of that statement by the shipper in silence, so far as the determination of the rights of the respective parties is concerned. The carrier has a right to infer from the silence of the shipper that his valuation is accepted by the latter as accurate, not only for the purpose of fixing transportation charges, but also for the purpose of determining the amount of liability in case of loss. Having taken advantage of the lower rate based upon the value fixed by the carrier, the shipper is estopped from afterwards asserting that the value is greater. To permit him to reap the benefit of a lower rate in case there is no loss, and to repudiate the valuation upon which that rate was based if there be a loss, would be repugnant to every principle of fair play.

We are of opinion that the instruction complained of was erroneous, and that, for this reason, the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    15.